IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| FPMI SOLUTIONS, INC., | ) CASE NO. 16-12142-RGM |
| | ) |
| Debtor. | ) |

OBJECTION OF THE UNITED STATES OF AMERICA
TO MOTION FOR ENTRY OF AN ORDER APPROVING
<u>SALE OF ASSETS</u>

The United States of America, by and through undersigned counsel, hereby submits this objection to the Debtor's "Motion for an Order (I) Approving Asset Purchase Agreement, (II) Authorizing Transfer of Substantially all of the Debtor's Assets Outside the Ordinary Course of Business Free and Clear of Liens, Claims, Encumbrances, and Interests, (III) Authorizing Assignment of Certain Executory Contracts Pursuant to the Assignment and Assumption Agreement with Novation, and (IV) Granting Related Relief" (sometimes hereinafter referred to as the Motion) as follows.

STATEMENT

In the present motion, the debtor seeks Court approval to sell substantially all of its assets free and clear of liens, claims and encumbrances. The Motion also seeks authority to assume and assign certain executory contracts, including a large number of contracts/purchase orders/blanket purchase agreements with various Federal Government agencies and entities.

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Counsel for the United States of America

*See Motion* at ¶9.  The United States objects to the Motion on several grounds.

1. <u>The Expedited Hearing Has Prejudiced the United States</u>

Plaintiff filed the Motion to sell substantially all of its assets on August 17, 2016.  The Motion identifies approximately 50 active purchase orders, 10 active blanket purchase agreements, and three "other contract vehicles" involving the Federal Government.  The Motion identifies approximately 20 Federal government agencies/entities which are parties to those contracting vehicles.

The United States has not had sufficient time to determine what specific objections, if any, that it has to the assumption and assignment of its contracts/purchase orders.

2. <u>Government Contracts Are Nonassumable as a Matter of Law Without the Consent of the United States</u>

In its Motion, and the proposed Order submitted therewith, the Debtor acknowledges that it is not entitled to assume and assign its contracts/purchase orders with the Federal Government without the formal consent thereto by the relevant contracting authority.  It is less clear whether the Debtor is seeking to assume and assign those contracts "free and clear."

The United States reserves its rights under the Anti-Assignment Act, 41 U.S.C. § 15 to bar the assumption of their contracts absent its consent.  See, 11 U.S.C. § 365(c)(1)(A-B); <u>In re TechDyn Systems Corp.</u> 235 B.R. 857 (Bankr. E.D. Va. 1999)(Mitchell, J) (the Bankruptcy Court found that the Anti-Assignment Act, 41 U.S.C. §15, constituted applicable non-bankruptcy law that prohibited the assumption of Government contracts pursuant to 11 U.S.C. §365.); <u>In re West Electronics, Inc.</u>, 852 F.2d 79 (3d Cir. 1988); <u>In re Catapult Entertainment, Inc.</u>, 165 F.3d 747 (9th Cir. 1999)(nonassumption under federal patent law); <u>In re James Cable Partners</u>,  27 F.3d 534 (11th Cir. 1994); <u>In re Catron</u>, 158 B.R. 629 (E.D. Va. 1993), *aff'd in an unpublished*

2

*opinion,* 25 F.3d 1038 (4th Cir. 1994).

Simply stated, the Debtor may not assume and assign its contracts with the United States without the government's consent, and the United States reserves its rights under the Anti-Assignment Act to bar the assumption of its contract/purchase orders without its consent. Further, any order approving the assumption and assignment of government contracts should make clear that the "free and clear" relief authorized pursuant to 11 U.S.C. § 363(f) is subject to the novation process.[1]

   3.  <u>The "Free and Clear" Relief Sought by the Debtor is Overly Broad</u>

In the case at hand the Debtor seeks to sell its assets "free and clear" of all liens, claims, encumbrances or interests of any party. The United States recognizes the Bankruptcy Code provides certain "free and clear" relief in connection with § 363 sales, but asserts that the requested blanket relief goes beyond that intended by the Code and conflicts with the Federal Government's acquisition regulations.

In its Motion, the Debtor seeks to assume and assign the Government contracts "free and clear" of interests, including interests that are not identified in the underlying motion, or the order authorizing the sale. The failure of the motion to identify any interests that it seeks "free and clear" relief from renders it inadequate to remove such unique interests under fundamental

---

1 The sale of government contracts free and clear of liabilities and encumbrances is at odds with the provisions of the Federal Acquisition Regulations. 48 C.F.R. § 42.1204 clearly provides that the Government may, when it is in its interest, recognize a third party as the successor in interest to a Government contact, when such successor in interest, *inter alia*, assumes all the transferor's obligations under the contract. *See* 5 C.F.R. § 1204(h)(2). Entry of an Order approving the sale free and clear of all liabilities and encumbrances followed by a novation requiring assumption of all of the debtor's obligations under the contract creates a confusing situation inviting further litigation. Any proposed Order granting free and clear relief should specifically address this situation so that all parties are fully appraised of its impact.

3

considerations of due process. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re Takeout Taxi Holdings, Inc., 307 B.R. 525 (Bankr. E.D. Va. 2004), *citing*, Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314 (1950). Parties, such as the United States, are given absolutely no notice of what the Debtor seeks "free and clear" relief from. Absent notice of what the Debtor is seeking, creditors are left to wonder whether they are required to object in order to preserve their rights.

For example, § 363 does not permit the sale of property free and clear of an interest if the holder of the interest could not be compelled to accept money in satisfaction of such interest. 11 U.S.C. § 363(f)(5); *see* Gouveia v. Tazbir, 37 F.3d 295 (7th Cir. 1994). State, Federal and local environmental agencies cannot be compelled to accept money in place of an owner or operator's obligation to comply with the legal requirements under environmental laws.[2] The Debtor's request for free and clear relief for all unidentified interests begs any number of questions. Does the Debtor seek to sell the assets free and clear of statutory obligations related to environmental contamination? Is the property being sold free and clear of the Government's right of set off or redemption? Is the property to be sold free and clear of some other public health or safety

---

[2] See 42 U.S.C. § 6924(u)(RCRA); 42 U.S.C. §§ 9606, 9607(a)(1) (CERCLA); 33 U.S.C. § 1311 (CWA). The bankruptcy laws should not be used to place buyers in a position that they are above the law, leaving the public at risk without the protection of important public health and safety laws. *See* Zerand-Bernal, Inc. v. Cox, 23 F.3d 159, 163 (7th Cir. 1994) ("[N]o one believes . . . that a bankruptcy court enjoys a blanket power to enjoin all future lawsuits against a buyer at a bankruptcy sale in order to maximize the sale price [or] . . . to immunize such buyer from all state and federal laws that might reduce the value of the assets bought from the bankruptcy.").

4

related interest?[3]  Is the property to be sold free and clear of regulatory obligations such as, for example low income housing, or Davis Bacon act violations?  Is the unidentified interest to be divested from the property criminal in origin? Is the property subject to a forfeiture order in a criminal proceeding pending in another jurisdiction? Is there some sort of other unidentified interest for which the U.S. taxpayers are entitled to a defense?  Nothing in the Motion answers these questions nor gives creditors any notice that relief is sought.

It is elemental to fundamental fairness that the Debtor identify with specificity which interests it is seeking to sell free and clear from and to advise the Court the nature of the disclosure to affected creditors.  Absent such a showing, it is impossible for the Court to enter an order finding that notice of the motion was sufficient to allow the assets to be sold free and clear of all interests.

   4. <u>The United States Has Set Off and Recoupments Rights That Must Be Adequately Protected</u>.

As is set forth in the Disclosure Schedule to Asset Purchase Agreement (attached to the Motion) the "Purchased Assets" consist of accounts receivable from the United States government totaling approximately $1,045,747.  The Debtor is indebted to the United States in connection with an overpayment on a purchase Order with the Office of the United States

---

[3] *See* 42 U.S.C. § 6924(u)(RCRA); 42 U.S.C. §§ 9606, 9607(a)(1) (CERCLA); 33 U.S.C. § 1311 (CWA).  The bankruptcy laws should not be used to place buyers in a position that they are above the law, leaving the public at risk without the protection of important public health and safety laws.  *See* Zerand-Bernal, Inc. v. Cox, 23 F.3d 159, 163 (7th Cir. 1994) ("[N]o one believes . . . that a bankruptcy court enjoys a blanket power to enjoin all future lawsuits against a buyer at a bankruptcy sale in order to maximize the sale price [or] . . . to immunize such buyer from all state and federal laws that might reduce the value of the assets bought from the bankruptcy.").

Trustee in the amount of approximately $15,000, and potentially to the Department of Labor under the Davis Bacon Act for the failure to pay wages of employees.

Section 553 provides that bankruptcy "does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case. . . against a claim of such creditor against the debtor that arose before the commencement of the case . . ." 11 U.S.C. § 553.[4] The United States has a long-established common law right to set off a claim against one agency against a debt owed to another agency. Cherry Cotton Mills v. United States, 327 U.S. 536 (1945). In addition, the Government holds statutory setoff rights. 31 U.S.C. §§ 3716(a).

Section 363(e) provides that the Court shall prohibit or condition the use of property being sold as is necessary to provide adequate protection of "interests" in the property. *See* United States v. Whiting Pools, 462 U.S. 198 (1983). Clearly, the United States' right of set off and recoupment constitutes an "interest" in the receivables being sold. This is manifestly evident from the fact that Section 363(f) is the basis under which the Debtor seeks to sell such property free and clear of such "interests."

It is routinely accepted that "secured creditors are **entitled** to some form of adequate protection in every Chapter 11 case." In re B & W Tractor Co., Inc., 38 B.R. 613, 617 (Bankr. E.D.N.C. 1984). The test of whether a creditor's collateral is adequately protected is not whether the creditor's claim is fully secured. Rather, the test is whether the debtor has provided a method of ultimately giving creditors the value of their collateral.

---

[4] Section 506(a)(1) provides that an allowed claim of a creditor subject to setoff under Section 553 is a secured claim. 11 U.S.C. § 506(a)(1).

6

The United States has setoff rights which attach to the governmental receivables being sold in the present transaction. Absent adequate protection of such rights, the motion will convert the United States into an unsecured creditor. The United States demands adequate protection of such rights.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Motion to Authorize the Sale not be approved until the above-referenced deficiencies are rectified.

                Respectfully submitted,

                Dana J. Boente
                United States Attorney

By:   /s/ Robert K. Coulter
        Robert K. Coulter
        Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date:   August 26, 2016

                                        <u>/s/ Robert K. Coulter</u>
                                        ROBERT K. COULTER